# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

SANDRA HOLDING LTD.,     :
               :
      Petitioner,   :
               :
               :
v.             :   Case No.
               :
               :
FAWZI MUSAED AL SALEH, AHMAD :
FAWZI AL SALEH, QUABBIN CAPITAL :
INC., AND JOHN I. SNOW III,   :
               :
      Respondents. :

# MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ORDER GRANTING LEAVE TO CONDUCT DISCOVERY FOR USE IN PROCEEDING IN <u>FOREIGN TRIBUNAL PURSUANT TO 28 U.S.C. § 1782</u>

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ............................................................................................................... 1

RELEVANT FACTS .......................................................................................................... 1

THE FOREIGN ACTION .................................................................................................. 3

WITNESSES     .................................................................................................................... 4

ARGUMENT ....................................................................................................................... 5

   I. Sandra Holding's Application Satisfies The Statutory
    Requirements Of Section 1782 ............................................................ 6

      A. Respondents Can Be Found In The District Of
       Massachusetts .......................................................................... 6

      B. The Discovery Is For Use In A Reasonably
       Contemplated Foreign Proceeding............................................ 6

      C. Sandra Holding Is An Interested Person.................................. 7

      D. Sandra Holding Is Not Seeking Privileged Material .............. 8

   II. The *Intel* Discretionary Factors Weigh in Favor of
    Granting Discovery ............................................................................. 8

      A. Only One Of The Respondents Will Be A Party To
       The Foreign Proceedings ......................................................... 9

      B. The Grand Court Is Highly Likely To Be
       Receptive To The Evidence Obtained By This
       Section 1782 Application........................................................ 10

      C. Sandra Holding Has A Good-Faith Basis For
       Seeking Discovery ................................................................. 11

      D. The Discovery Sought Is Not Unduly Intrusive Or
       Burdensome .......................................................................... 11

CONCLUSION................................................................................................................... 12

## **TABLE OF AUTHORITIES**

**Page(s)**

**U.S. Cases**

*In re BayerAG*, 146 F.3d 188 (3d Cir. 1998) ...................................................................5

*Bravo Express Corp. v. Total Petrochemicals & Ref. U.S.,* 613 F. App'x 319 (5th
   Cir. 2015) .......................................................................................................................6

*Chevron Corp. v. Shefftz*, 754 F. Supp. 2d 254 (D. Mass. 2010)..................................7, 10

*Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA),
   Inc.*, 747 F.3d 1262 (11th Cir. 2014) ............................................................................6

*Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004) ..................... *passim*

*Mees v. Buiter*, 793 F.3d 291 (2d Cir. 2015) .................................................................6

*Minis v. Thompson*, 2014 WL 1599947 (D. Mass. April 18, 2014) ...............................8

*In re Penner*, No. 17-cv-12136-IT, 2017 WL 5632658 (D. Mass. Nov. 22, 2017)............5, 6, 8, 9

*In re Republic of Ecuador v. Douglas*, 153 F. Supp. 3d 484 (D. Mass. 2015) ..............................7

*In re Schlich*, 893 F.3d 40 (1st Cir. 2018) .........................................................5, 8, 10


**Cayman Islands Cases**

*Lyxor Asset Mgmt. S.A. v. Phoenix Meridian Equity Ltd.* [2009 CILR 553]..................................8


**Statutes and Rules**

28 U.S.C. § 1782.................................................................................................. *passim*

28 U.S.C. § 1782(a) .............................................................................................5, 9

## INTRODUCTION

Petitioner Sandra Holding Ltd. ("Sandra Holding") respectfully submits this memorandum of law in support of its application pursuant to 28 U.S.C. § 1782 for leave to conduct limited discovery for use in a foreign proceeding that Sandra Holding reasonably contemplates initiating before the Grand Court of the Cayman Islands, Financial Services Division (the "Grand Court") against Universal Enterprises Ltd. ("Universal" or the "Company"), a Cayman Island company, and its director, Fawzi Musaed Al Saleh ("Fawzi") (the "Foreign Proceedings").

## RELEVANT FACTS

In the mid-1980s, a group of six brothers decided to explore business opportunities outside of their home country of Kuwait. Declaration of Nuri Musaed Al Saleh ("Nuri Decl."), ¶ 2. The brothers unanimously resolved to begin investing in the United States through an offshore special purpose Cayman Islands company called Universal Enterprises Ltd. *Id.* at ¶ 3. Rather than directly owning their respective interests in Universal, each of the brothers formed an offshore trust company in the Cayman Islands to own his shares. *Id.* at ¶ 4. At all times relevant to this matter, Sandra Holding has held legal title to the shares of Universal beneficially owned by Nuri Musaed Al-Saleh ("Nuri"). *Id.* at ¶ 5. Yasmine Holding Ltd. ("Yasmine Holding") has held legal title to the shares of Universal beneficially owned by Nuri's younger brother, Fawzi Musaed Al-Saleh, and/or his children. *Id.* at ¶ 6. Upon information and belief, Fawzi either recently resigned or soon intends to resign his position as the founding and sole director of Universal.

Fawzi, the youngest of the six brothers, spearheaded this family endeavor, and, in or around 1987, presented his brothers with a shareholder agreement to govern their ownership and

management of Universal (the "Shareholder Agreement"). *Id.* at ¶ 7. The Shareholder Agreement was prepared by an American law firm, Hale & Dorr LLP of Boston, Massachusetts (now Wilmer Cutler Pickering Hale and Dorr LLP, a/k/a "WilmerHale") and written in English without an Arabic translation. *Id.* at ¶ 8; *See* Ciampa Affidavit, Ex. 5. The Shareholder Agreement placed control of the Company almost entirely with Fawzi and/or his successors. *Id.* at ¶ 9.

During the approximately three decades that Fawzi has controlled Universal, Fawzi and/or his successors failed and refused to disclose material information about Universal's finances and business activity to Sandra Holding. *Id.* at ¶ 10. Despite its repeated attempts to gain such information from Fawzi and/or Universal over the years, Sandra Holding has received little, if any, meaningful information concerning the status of its investment in Universal. *Id.*

Universal has concealed information from Sandra Holding and its other shareholders in violation of, among other things, Articles 39 and 114 of Universal's Articles of Association. *See* Ciampa Affidavit, Ex. 6. Article 39 requires the Company to hold an annual general meeting. However, upon information and belief, Universal has held few, if any, general meetings in the thirty years since Fawzi formed the Company. Furthermore, Article 114 requires that the directors shall from time to time prepare and make available during general meetings the financial statements of the Company, including profit and loss accounts, balance sheets, and group accounts. As described above, there have been few, if any, such meetings, and Sandra Holding has rarely, if ever, otherwise been provided access to any such information. Fawzi and/or his successors have monumentally failed to satisfy this obligation and have blatantly and continuously breached the information rights of the Company's other shareholders.

Upon information and belief and based upon a review of certain Company documents, it also appears that in or around 2014, Fawzi and/or his son, Ahmad Fawzi Al Saleh ("Ahmad"), orchestrated a related-party transaction involving the sale of tens of millions of dollars of Universal assets to a trust company controlled by Fawzi and Ahmad and established for the benefit of Ahmad and his sister, Yasmine. *Id.* at ¶ 12. Despite this substantial sale of Universal's assets, Sandra Holding never received a distribution. *Id.* at ¶ 13. Upon information and belief, Fawzi has engaged in a massive misappropriation of funds from Universal, specifically including, but not limited to, the proceeds of the 2014 related-party transaction. *Id.* at ¶ 11. Upon further information and belief, the related-party transaction was not an arm's length transaction, but instead occurred on terms unduly favorable to the trust company controlled by Fawzi and Ahmad.

## THE FOREIGN ACTION

Pursuant to the Articles of Association and the applicable underlying laws, Sandra Holding's action against Universal and Fawzi must be filed in the Grand Court. Sandra Holding has already retained the Cayman office of the law firm Ogier to represent it in the Foreign Proceedings. Declaration of Ulrich Payne ("Payne Decl.") at ¶ 2. Based upon the current facts, Sandra Holding intends to bring a derivative shareholder suit against Fawzi and/or his successors for, among other things, breaching their fiduciary duties, misappropriating Company funds,  and violating their obligations to keep the Company's shareholders appropriately informed about the financial state of the Company.

The Ogier firm has noted that prior to bringing suit in the Cayman Islands, Sandra Holding requires relatively detailed information to meet the stringent pleading standards of the Grand Court. Payne Decl., at ¶ 4. However, because Fawzi and/or his successors have spent the

last three decades concealing information to which Sandra Holding is rightfully entitled, Sandra Holding lacks adequate detail to form its complaint. The information sought through this application is directly related to the contemplated action in the Cayman Islands and the Grand Court is likely to be highly receptive to the evidence obtained through this discovery. Payne Decl., at ¶ 5, 7.

### WITNESSES

1.   <u>Fawzi Musaed Al Saleh</u>

Fawzi was the sole director of Universal for almost thirty years following its formation and has run the Company and/or its subsidiaries both directly and indirectly. Nuri Decl., at ¶ 9-10.

2.   <u>Ahmad Fawzi Al- Saleh</u>

Ahmad, son of Fawzi, directly and indirectly co-manages Universal and/or its subsidiaries. Sandra Holding has reason to believe that Ahmad has first-hand knowledge of Sandra Holding's investment in Universal over the last thirty years. *Id.* at ¶ 12.

3.   <u>Quabbin Capital Inc.</u>

Quabbin Capital, Inc. ("Quabbin Capital") is a privately-held investment management firm focusing on alternative asset investments in the United States and certain international markets. Upon information and belief, Quabbin Capital, which was formerly Boston Projects, Inc., was a subsidiary of Universal and acts as financial advisor to Fawzi, Ahmad, and/or Universal and its subsidiaries. Quabbin Capital has offices located at 160 Federal Street, Boston, Massachusetts. *Id.* at ¶ 13.

4.     John I. Snow, III

John I. Snow, III ("Snow") is the President and Managing Director of Quabbin Capital and upon information and belief, is responsible for advising Universal and/or its subsidiaries, and possibly managing its assets. Snow works closely with Fawzi's son, Ahmad. *Id.* at ¶ 14.

## **ARGUMENT**

Applications for discovery to assist in a foreign proceeding are governed by 28 U.S.C. Section 1782, which generally provides that federal district courts may order discovery from persons residing or found in that district for use in a proceeding in a foreign or international tribunal. 28 U.S.C. § 1782.[1] Section 1782 serves the twin aims of "providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 252 (2004); *In re Schlich*, 893 F.3d 40, 46 (1st Cir. 2018). So long as the information sought is relevant, it is "presumptively discoverable" under Section 1782. *In re Bayer AG*, 146 F.3d 188, 196 (3d Cir. 1998).

Section 1782 requires the applicant to meet certain statutory requirements, after which the district court has discretion over whether to grant the request. *Intel*, 542 U.S. at 247; *In re Schlich*, at 46-47. Here, Sandra Holding easily meets both the statutory and discretionary requirements of Section 1782.

---

[1]Section 1782 provides in relevant part: "(a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court….A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege."

I.        **Sandra Holding's Application Satisfies The Statutory Requirements Of Section 1782**

To satisfy the threshold requirements of Section 1782(a), (1) the persons from whom

discovery is sought must reside or be found in the district; (2) the discovery must be for use in a

proceeding in a foreign tribunal; (3) the applicant must be an "interested person," and (4) the

application must not require disclosure of privileged materials. 28 U.S.C. § 1782(a); *In re*

*Schlich*, 893 F.3d 40, 46 (1st Cir. 2018); *In re Penner*, No. 17-cv-12136-IT, 2017 WL 5632658,

*2 (D. Mass. Nov. 22, 2017). Sandra Holding easily satisfies these statutory requirements.

A.        **Respondents Can Be Found In The Eastern District Of Massachusetts**

First, Sandra Holding seeks discovery in this action from persons and/or entities who

reside in or are "found" in this District. Fawzi and Ahmad regularly stay in homes on Cape Cod

and in Boston, and are currently vacationing on Cape Cod. Snow resides in Winchester,

Massachusetts, and the principal place of business of Quabbin Capital, of which Snow is the

president, is Boston.

B.        **The Discovery Is For Use In A Reasonably Contemplated Foreign**
**Proceeding**

Second, Sandra Holding seeks discovery for use in a reasonably contemplated civil

proceeding before the Grand Court. As stated in *Intel*, for purposes of a Section 1782 application,

the foreign proceedings need not be "pending" or "imminent," but rather Section 1782 applies as

long as the foreign proceedings are "within reasonable contemplation." *Intel*, 542 U.S. at 259;

*see also Penner*, *2.[2] While Sandra Holding has not yet commenced the anticipated proceedings

in the Cayman Islands, this is exactly the type of case for which Section 1782 discovery was

---

[2] While the First Circuit has not weighed in on this factor, its sister courts in the Second, Fifth, and Eleventh Circuits
have all allowed Section 1782 proceedings prior to the filing of the foreign action. *See Mees v. Buiter*, 793 F.3d 291,
299-301 (2d Cir. 2015); *Bravo Express Corp. v. Total Petrochemicals & Ref. U.S.*, 613 F. App'x 319, 322 (5th Cir.
2015); *Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1270
(11th Cir. 2014).

designed. In an effort to avoid the need for Section 1782 discovery, Sandra Holding has conducted an extensive investigation using publicly available resources, conducted a thorough review of its own files, and requested that Universal provide it with the information to which is it entitled as a shareholder, but to no avail.

Sandra Holding has already retained counsel in the Cayman Islands for the purpose of initiating the contemplated action against Universal and Fawzi. Payne Decl., at ¶ 2. *See also In re Ex Parte Application of IJK Palm LLC, 3:16MC171(RNC)*, Ruling on Application for Discovery, ECF No. 14 at *1 (D. Conn. July 13, 2016) (noting that although the foreign proceedings in the Cayman Islands had not been commenced, petitioners had already hired Cayman attorneys, extensively investigated the parties involved using publicly-available resources, and conducted a thorough review of its own files). This is not a fishing expedition; Sandra Holding would not have gone to the expense of hiring both Cayman Islands and U.S. counsel if it did not have a good faith basis and present intention to commence litigation against Universal and its current and former directors. As its Cayman Islands counsel has advised, Sandra Holding requires the discovery requested in this application in order to satisfy the stringent pleading standards of the Grand Court. Payne Decl., at ¶ 4. Accordingly, Sandra Holding meets the second threshold requirement for Section 1782 because the requested discovery is for use in a reasonably contemplated foreign proceeding.

### C.    Sandra Holding Is An Interested Person

Third, Sandra Holding is unquestionably an "interested person" for purposes of Section 1782 because Sandra Holding will be the plaintiff in the Foreign Proceedings. *See e.g.*, *In re Republic of Ecuador v. Douglas*, 153 F. Supp. 3d 484, 487 (D. Mass. 2015) (finding the applicant who was a party to the foreign proceedings was an "interested party"); *Chevron Corp.*

*v. Shefftz*, 754 F. Supp. 2d 254, 260 & n.44 (D. Mass. 2010) (noting that it was "undisputed" that the applicant who was a party to the foreign proceedings was an "interested party"). Indeed, a litigant in a foreign proceeding in a foreign tribunal "may be the most common example of the interested person(s) who may invoke 1782." *Intel*, 542 U.S. at 256. Sandra Holding therefore meets the third requirement for Section 1782.

**D.      Sandra Holding Is Not Seeking Privileged Material**

Finally, Sandra Holding is not seeking the disclosure of privileged material. Quite the opposite in fact—Sandra Holding is merely seeking to obtain documents and testimony from the proposed witnesses concerning information that Universal and Fawzi had a fiduciary duty to provide Sandra Holding but have instead been withholding for years. However, in the unlikely event that any documents responsive to Sandra Holding's requests are potentially privileged, the issue could be addressed by a simple order of the Court. *See In re Schlich*, 893 F.3d at 47. Sandra Holding easily satisfies this statutory requirement.

**II.      The *Intel* Discretionary Factors Weigh in Favor of Granting Discovery**

Beyond the statutory prerequisites, the Supreme Court in *Intel* listed four factors the district court should consider when determining whether to grant an application pursuant to Section 1782: (1) whether the person from whom discovery is requested is a party to the foreign proceeding; (2) the nature of the foreign tribunal, the character of the foreign proceeding and the receptivity of the foreign tribunal to the federal court's assistance; (3) whether the applicant is attempting to circumvent the proof-gathering restrictions or policies of the foreign tribunal; and (4) whether the discovery requested is unduly intrusive or burdensome. *Intel*, 542 U.S. at 264-65; *Minis v. Thompson*, 2014 WL 1599947, *3 (D. Mass. April 18, 2014). All four factors weigh heavily in favor of granting Sandra Holding's application.

### A.    Only One Of The Respondents Will Be A Party To The Foreign Proceedings

Sandra Holding currently intends to bring the Foreign Proceeding against Fawzi and Universal.  Sandra Holding does not currently intend to name Ahmad, Snow, and/or Quabbin Capital as defendants in the Foreign Proceedings, and is not currently aware of any basis upon which the Grand Court might assert personal jurisdiction over such parties, so the first *Intel* discretionary factor weighs in favor of granting discovery as to these three Respondents. *See Penner*, at *2 (granting Section 1782 application where the respondents were not parties to the Cayman Islands action and were therefore beyond the Grand Court's jurisdiction).

Although Fawzi will likely be a party to the Foreign Proceedings, this Court may still grant the requested discovery from him. "Even if this factor weighs against granting the application in light of [one of the respondents]'s potential to become a participant in the proceeding, this does not end the court's balancing of the other *Intel* factors." *IJK Palm*, 3:16MC171(RNC) at *5 (citing *In re Application of the Coal. to Protect Clifton Bay, Louis Bacon for an Order Pursuant to 28 U.S.C. § 1782 To Conduct Discovery for Use in Foreign Proceeding*, No. 14MC258 (DLC), 2014 WL 5454823, at *3 (S.D.N.Y. Oct. 28, 2014)). This is a case where one discretionary factor should not control. Upon information and belief, Fawzi is responsible for obstructing Sandra Holding's access to information about its investment in Universal and likely possesses documentation that is critical to Sandra Holding's case. As in *IJK Palm*, even though Fawzi will likely be a party to the Foreign Proceedings, the totality of the results of applying all four discretionary factors ultimately weighs heavily in favor of granting Sandra Holding's application as to all of the Respondents, including Fawzi.

**B.     The Grand Court Is Highly Likely To Be Receptive To The Evidence Obtained By This Section 1782 Application**

The second *Intel* factor also weighs heavily in Sandra Holding's favor because the Grand Court is highly likely to be receptive to the evidence obtained by this Section 1782 application. The Grand Court is familiar with Section 1782 applications. *See, e.g.*, *In re Penner*, at *4 (granting Section 1782 application for discovery to be used in the Grand Court); *In re IJK Palm LLC*, at *5 (same); *Lyxor Asset Mgmt. S.A. v. Phoenix Meridian Equity Ltd.*, 2009 CILR 553 (Sep. 24, 2009). Indeed, in *Lyxor*, a Cayman Islands Court of Appeal specifically allowed a party to obtain discovery in the United States under 28 U.S.C. § 1782(a) for use in a Grand Court proceeding. *See* Payne Decl., at ¶ 7 & Ex. A; *see also In re Penner* (relying on *Lyxor* in granting Section 1782 application for discovery to be used in the Grand Court).  Therefore, there should be no legal barrier to using the requested discovery in the Grand Court.

Furthermore, the discovery Sandra Holding seeks is necessary to satisfy the stringent pleading standard in actions alleging fraud and mismanagement brought before the Grand Court. Payne Decl., at ¶ 4. Sandra Holding requires this discovery to obtain the detailed evidence required to plead its claim in the Grand Court. *Id.* at ¶ 4-5; *see also In re IJK Palm LLC*, at *3 ("IJK Palm's attorneys have advised that the pleading standards in the Cayman Islands are very high and require, at the outset of the litigation, a submission of detailed evidence that proves the existence of fraud and mismanagement. Without this submission, the complaint is subject to dismissal."). Accordingly, the second *Intel* factor weighs in Sandra Holding's favor because the Grand Court will not only be receptive to the discovery, but the nature of the Grand Court proceedings requires the evidence Sandra Holding hopes to obtain through this 1782 application.

### C.      Sandra Holding Has A Good-Faith Basis For Seeking Discovery

Sandra Holding is not trying to circumvent the Cayman Islands evidence-gathering restrictions, but rather is seeking in good faith to obtain probative discovery through its Section 1782 application for use in the Grand Court proceeding. In analyzing this factor, this Court should consider "whether the discovery is being sought in bad faith," *Chevron*, 754 F. Supp. 2d at 262. So long as the request is "not obviously frivolous" and Sandra Holding is not pursuing it for "improper means," this factor should weigh in favor of granting discovery. *In re Schlich*, 893 F.3d, at 47.

As described above, discovery is necessary in this case because Universal and Fawzi have concealed information to which Sandra Holding was entitled for decades, and Sandra Holding now requires that information to meet the stringent pleading requirements of the Grand Court.

### D.      The Discovery Sought Is Not Unduly Intrusive Or Burdensome

Finally, the fourth *Intel* factor weighs in favor of granting Sandra Holding's application because the discovery requests are not unduly intrusive or burdensome. To the contrary, Sandra Holding is seeking limited information about Universal to which it has always been entitled. The discovery requests seek documents that should already be in Respondents' possession. However, because Universal and Fawzi have kept Sandra Holding in the dark and denied it access to any documentation, Sandra Holding cannot even be sure that such documents exist. A single deposition of each Respondent is therefore necessary to understand what events have transpired over the last decade or more. The discovery requests are not unduly burdensome but rather are narrowly tailored to obtain only material relevant to the Foreign Proceedings. Accordingly, the fourth factor weighs in favor of granting the discovery.

## CONCLUSION

The information Sandra Holding is seeking through this application is essential to the

adjudication its claims against the current and former directors of Universal in the Grand Court.

Based on the foregoing and accompanying papers, Petitioner respectfully requests that this Court

grant its application in its entirety and enter an Order granting leave to serve Respondents with

the subpoenas attached as Exhibits 1 through 4 of the Ciampa Affidavit.

Respectfully submitted,

/s/ Thomas M. Ciampa
Thomas M. Ciampa (BBO# 566898)
Ciampa Fray-Witzer, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Tel: (617) 426-0000
Fax: (617) 423-4855
tom@cfwlegal.com

Robert H. Pees (*pro hac vice* forthcoming)
Anne M. Evans (*pro hac vice* forthcoming)
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, New York 10036
212-872-1000
212-872-1002 (fax)

*Attorneys for Petitioner Sandra Holding LTD.*

Dated:  September 25, 2018
        Boston, Massachusetts